# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATIONAL IMMIGRANT JUSTICE CENTER, | ) Case No. 1:18-cv-004244 |
| Plaintiff, | ) The Honorable Judge Robert M. Dow Jr. |
| v. | ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ET AL., | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to order defendants United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") to produce information related to two FOIA requests involving: (1) contracts between DHS, ICE or U.S. Marshals Service (USMS) and any state or local or private entity regarding the housing of detained immigrants from January 2015 through the present ("Contract FOIA Request"), and (2) inspections and reports regarding facilities housing detained immigrants from 2013 to the present ("Inspections FOIA Request").

2. **Contract FOIA Request:** Pursuant to plaintiff National Immigrant Justice Center's ("NIJC") ongoing FOIA request, DHS/ICE should provide responses including: 1) a current list of all facilities used by ICE to detain individuals in its custody; 2) complete and current contracts between DHS, ICE or USMS and state and local detention facilities specified below; 3) complete and current subcontracts between these facilities and any private entities for the purpose of housing noncitizens in ICE custody; 4) all contracts between DHS and private entities to house noncitizens in Contract Detention Facilities ("CDFs") and related subcontracts;

5) all contracts between DHS/ICE and any private entity to provide services for Service Processing Centers (SPCs); and 6) all bid solicitation requests issued by DHS/ICE related to securing bed space for individuals in DHS custody. DHS/ICE has failed to conduct an adequate search for NIJC's February 16, 2018[1] FOIA request seeking this information.

3. **Inspections FOIA Request:** Pursuant to an ongoing FOIA request, plaintiff NIJC here seeks that DHS/ICE comply with its obligations under FOIA by producing documents concerning: 1) calendars for ICE's Enforcement and Removal Office (ERO) inspections for 2016–2018; 2) all inspections, reports, and associated documents generated pursuant to ERO inspections and Organizational Self-Review Assessments (ORSAs) for facilities housing noncitizens in ICE custody for 2016 and 2017; and 3) all documents and correspondence related to the ERO inspections and ratings, including final ratings for specified facilities. DHS/ICE has failed to conduct an adequate search for NIJC's February 16[2], 2018 FOIA request seeking this information.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

5. Venue lies in the Northern District of Illinois pursuant to 5 U.S.C. § 552(a)(4)(B) because NIJC's principal place of business is within this district. Venue is also proper within this district pursuant to 28 U.S.C. § 1391(e)(1)(C).

---

[1] ICE/DHS referred to this request as the "February 16, 2018 FOIA request" in their acknowledgement of receipt, also FOIA request 2018-ICFO-24019.

[2] ICE/DHS referred to this request as the "February 25, 2018 FOIA request" in their acknowledgement of receipt, also FOIA request 2018-ICFO-21283.

## PARTIES

6. Plaintiff NIJC is an Illinois non-profit entity dedicated to ensuring human rights protections and access to justice for immigrants, refugees, and asylum seekers. NIJC provides direct legal services to more than 10,000 individuals each year and advocates for these populations through direct representation, policy reform, impact litigation, and public education. It is crucial to NIJC's mandate to obtain information regarding the government's detention of noncitizens to ensure the protection of civil rights and liberties of detained individuals where there are no formal mechanisms to ensure such oversight. NIJC's principal place of business is Chicago, Illinois. NIJC submitted the FOIA requests that are the subject of this action.

7. Defendant DHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession of, and control over, the information sought by NIJC under FOIA.

8. Defendant ICE is a component agency of DHS and is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession of, and control over, the information sought by NIJC under FOIA.

## FACTUAL ALLEGATIONS

**A. Contract FOIA Request (FOIA Request No. 2018-ICFO-24019)**

9. DHS/ICE enters into contracts with various state, municipal, and county facilities around the country to detain immigrants.

10. DHS/ICE contracts with these facilities to detain immigrants are known as "inter-governmental service agreements," or "IGSAs."

11. DHS/ICE does not regularly and voluntarily publish any inspections, reviews or audits—whether formal or informal—for compliance with governing detention standards for any of the facilities under contract with it.[3]

12. On February 16, 2018, NIJC submitted a request pursuant to FOIA to DHS/ICE requesting various documents in DHS/ICE's possession, which was designated FOIA Request No. 2018-ICFO-24019, also referred to herein as the "Contract FOIA Request." *See Exhibit A.* Specifically, NIJC's request sought the following:

1. A list of all facilities used by ICE to detain individuals in its custody, current as of the date of response to this request. Please include the following information for each facility:

    a. Name of the facility;
    b. ICE Area of Responsibility with jurisdiction over the facility;
    c. Type of contract (e.g. IGSA, USMS, SPC, CDF);
    d. Maximum capacity;
    e. Whether the facility holds individuals over or under 72 hours;
    f. Applicable ICE civil detention standards;
    g. Date of most recent inspection and type of inspection (i.e. ERO, ODO);
    h. ERO Rating for the two most recent consecutive years;
    i. Average Daily Population (ADP) for the two most recent consecutive years;
    j. Whether the facility holds men or women or both;
    k. Whether the facility holds adults or minors (under the age of 18) or both;
    l. Immigration court with jurisdiction over cases arising from the facility.

2. The most current and complete contract modification or addendum for the following facilities, between the facility and DHS, ICE or U.S. Marshals Service (USMS):

    - Baker County Jail (Florida)
    - Boone County Jail (Illinois)
    - California City Correctional Center (California)
    - Cass County Jail (Nebraska)
    - Freeborn Adult Detention Center (Minnesota)
    - Hardin County Jail (Iowa)
    - Hutto Correctional Center (Texas)

---

[3] Publicly available information regarding the detention centers is limited and outdated, and was provided by DHS pursuant to a prior FOIA request by Requestor, *see* 2012FOIA03030; *see also* https://www.ice.gov/foia/library.

4

- James Musick Facility (California)
- Joe Corley Detention Facility (Texas)
- Jefferson County Jail (Idaho)
- Johnson County Law Enforcement Center (Texas)
- Karnes County Civil Detention Center (Texas)
- Kenosha County Detention Center (Wisconsin)
- McHenry County Jail (Illinois)
- Monroe County Detention Center (Florida)
- Morrow County Correctional Center (Ohio)
- Otero County Processing Center (New Mexico)
- Pulaski County Jail (Illinois)
- Rappahannock Regional Jail (Virginia)
- South Louisiana Detention Center (Louisiana)
- Stafford County Corrections (New Hampshire)
- Tensas Parish Detention Center (Louisiana)
- Theo Lacy Facility (California)
- Utah County Jail (Utah)
- Worcester County Jail (Maryland)

a. For the following facilities, please include the original contract and all subsequent modifications and addendums, such that the contract is provided in its current and complete form:

- Cibola County Correctional Center (New Mexico)
- Clay County Jail (Indiana)
- Clinton County Correctional Facility (Pennsylvania)
- Coastal Bend Detention Facility (Texas)
- Delaware County Jail (George W. Hill – Pennsylvania)
- El Paso Service Processing Center (Texas)
- Florence Service Processing Center (Arizona)
- Franklin County House of Corrections (Massachusetts)
- Geauga County Jail (Ohio)
- Hall County Department of Corrections (Nebraska)
- Henderson Detention Facility (North Carolina)
- Imperial Regional Adult Detention Facility (California)
- Keogh-Dwyer Correctional Facility (New Jersey)
- Laredo Processing Center (Texas)
- LaSalle County Regional Center (Texas)
- Marshall County Jail (Iowa)
- Mesa Verde Detention Facility (California)
- Nevada Southern Detention Center (Nevada)

- Northeast Ohio Correctional Center (OH)
- Pine Prairie Correctional Center (LA)
- Polk County Adult Detention Center (Texas)
- Prairieland Detention Center (Texas)
- Rio Cosumnes Correctional Center(California)
- Rio Grande Detention Center (Texas)
- San Luis Regional Detention Center (Arizona)
- Sherburne County Jail (Minnesota)
- Torrance County Detention Facility (New Mexico)
- Virginia Peninsula Regional Jail (Virginia)
- Washoe County Jail (Nevada)
- West Texas Detention Facility (Sierra Blanca, Texas)
- Western Tennessee Detention Facility (Tennessee)
- Willacy County Regional Detention Facility (Texas)
- Yakima County Department of Corrections (Washington)
- York County Prison (Pennsylvania)

3. For the facilities listed in Request 2, all complete subcontracts between state or local facilities that presently have contracts with DHS, ICE or USMS and any private entities for the purpose of housing noncitizens in ICE custody. This request includes any modifications or addendums extending or modifying a contract, such that the contract is provided in its current and complete form;

4. All complete contracts between DHS and a private entity to house noncitizens in Contract Detention Facilities (CDFs). This request includes any modifications or addendums extending or modifying a contract, such that the contract is provided in its current and complete form;

    a. For CDFs, all complete subcontracts to provide services for facilities designated as CDFs, including guard, food, phone, medical and transportation services. This request includes any modifications or addendums extending or modifying a contract, such that the contract is provided in its current and complete form.

5. For ICE Service Processing Centers (SPCs), all complete contracts or subcontracts between DHS or ICE and any private entity to provide services for facilities designated as SPCs, including guard, food, phone, medical and transportation services. This request includes any modifications or addendums extending or modifying a contract, such that the contract is provided in its current and complete form;

6. For the period January 2015 through the present, all bid solicitation requests issued by the DHS, ICE or any entity with authorization to solicit bids for the purposes of securing bed space to detain individuals in DHS custody.

13. NIJC's Contract FOIA Request explicitly stated it was to be "construe[d] as an ongoing FOIA request, so that any records that come within the possession of the agency prior to your final response to this FOIA request should also be considered within the scope of the request." *Id.*

14. The Contract FOIA Request properly stated that NIJC is entitled to a fee waiver on multiple grounds. First, the information was requested to contribute to the public understanding of the activities of the government and is not primarily in the NIJC's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. §§ 5.11(k). *See also* Feb. 16, 2018 Contract FOIA Request letter (2018-ICFO-24019) at 4. "The primary purpose of this FOIA request is to supplement limited and outdated information that DHS provided in a prior FOIA request by Requestor, *see* 2012FOIA03030 to further the public's knowledge and understanding of ICE contracts with and inspections of facilities that house individuals in its custody. Access to this information is required for the public to meaningfully understand DHS practice and expenditures with regard to the detention of noncitizens in the U.S." *Id.* Second, NIJC has a proven track-record of compiling and disseminating information to the public about DHS detention contracting, and not for any private commercial interest. *Id.* Third, NIJC is entitled to a waiver of search-related fees as "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 6 C.F.R. § 5.11(d)(1). *Id.*

15. NIJC sent the Contract FOIA Request on February 16, 2018 via FedEx two day delivery. According to the FedEx tracking receipt, the package was delivered on February 20, 2018. *See Exhibit B.*

16. DHS/ICE did not contact NIJC in response to the Contract FOIA Request until March 13, 2018, when DHS/ICE notified NIJC that the request had been received on March 13, 2018. The Contract FOIA request was then assigned reference number 2018-ICFO-24019. *See Exhibit C*.

17. In this March 13, 2018 response, DHS/ICE invoked the 10-day extension period permitted under FOIA. DHS/ICE asserted this delay might be encountered because NIJC "seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension" for the request. *Id.*

18. According to the agency's online FOIA status checking tool, the estimated delivery date for the documents responsive to the Contract FOIA Request (FOIA Request No. 2018-ICFO-24019) was April 15, 2018.

19. DHS/ICE did not properly respond to NIJC's request for a waiver of fees. In the March 13, 2018 correspondence, DHS/ICE informed NIJC that it would be charged as a "commercial requester," which would entail "10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and reviewer" without explaining how this determination had been reached.

20. DHS/ICE's conclusion that NIJC was a "commercial requestor" for purposes of the fee waiver is incorrect, for the merit-based reasons stated in the Contract FOIA Request and detailed above.

21. As of the date of this filing, 113 business days have passed since the ICE FOIA office received NIJC's request and sought a 10-day extension. NIJC has received no other correspondence response from DHS/ICE in regards to FOIA 2018-ICFO-24019.

22. Under U.S.C. § 552(a)(4)(A)(viii) no fees should be assessed because the processing of the FOIA request was not complete within statutory time limitations, or within the 10-day extension invoked by the ICE FOIA office.

23. NIJC has not received any substantive response from DHS/ICE to its Contract FOIA Request.

24. No exceptional circumstances prevent DHS/ICE from responding to NIJC's Contract FOIA Request.

**B. Inspections FOIA Request (FOIA Request No. 2018-ICFO-21283)**

25. In 2009, Congress passed a DHS appropriations bill which included a provision that ICE cannot expend funds to immigration detention facilities that fail two consecutive inspections.[4] Facilities are inspected according to a specific set of detention standards promulgated by ICE.

26. Facilities that hold 50 or more people are subject to two types of investigations: ERO inspections and ODO Inspections. ERO inspections are conducted annually by private investigators, on the basis of a three tier ratings system. The components of each standard receive ratings, which determine the rating for each standard, which in turn inform the overall rating for the facility. ODO inspections are performed by ICE employees or contractors, and focus on key standards which have been identified as areas where a facility may not be in compliance.

---

[4] *See* H.R. 2638 (110th). ("Provided further, That effective April 15, 2009, none of the funds provided under this heading may be used to continue any contract for the provision of detention services if the two most recent overall performance evaluations received by the contracted facility are less than 'adequate' or the equivalent median score in any subsequent performance evaluation system.")

27. Facilities that hold 50 or fewer people at a time, or facilities that hold immigrants for less than 72 hours at a time, are subject only to the Organizational Review Self-Assessment process.[5]

28. ICE's ERO inspections generate the ratings that determine, under DHS Appropriations Act requirements, whether the government continues funding a local government or private entity to detain immigrants.

29. DHS/ICE does not regularly and voluntarily publish any inspections, reviews or audits—whether formal or informal—for compliance with governing detention standards for any of the facilities under contract with it.[6]

30. On February 16, 2018, NIJC submitted a request pursuant to FOIA to DHS/ICE requesting various documents in DHS/ICE's possession, which was designated FOIA Request No. 2018-ICFO-21283, also referred to herein as the "Inspections FOIA Request." *See Exhibit D.* Specifically, NIJC requested:

1. A calendar of ERO inspections programmed for FY 2016, FY 2017 and FY 2018.
2. All inspections and reports, including attachments, work plans, Form G-324A, and any other materials generated pursuant to ICE's Enforcement and Removal Office (ERO) inspections for all facilities housing more than 50 noncitizens in ICE custody for FY 2016 and FY 2017;
3. All inspections and reports generated pursuant to Organizational Self-Review Assessments (ORSAs) for all facilities housing less than 50 noncitizens in ICE custody for FY2016 and FY2017;
4. Any written documents or correspondence outlining the procedure by which a recommended rating for an ICE/ERO-inspected facility is reviewed and a final rating is subsequently generated.
5. Any written documents or correspondence discussing the FY 2017 ERO inspections and ratings, including the recommended rating following an ERO inspection and any final rating for the following facilities:
   a. Christian County Jail (Ozark, MO) (last inspected 7/13/2017)
   b. Clinton County Jail (Plattsburgh, NY) (last inspected 6/8/17)
   c. Morgan County Jail (Versailles, MO) (last inspected 1/20/17)
   d. Strafford County Corrections (Dover, NH) (last inspected 5/11/17)

---

[5] ORSA inspections were not included in NIJC's previous FOIA litigation, which focused on the largest 100 immigration detention facilities.

[6] Publicly available information regarding the detention centers is limited and outdated, and was provided by DHS pursuant to a prior FOIA request by Requestor, *see* 2012FOIA03030; *see also* https://www.ice.gov/foia/library.

31. NIJC's Inspections FOIA Request explicitly stated it was to be "construe[d] as an ongoing FOIA request, so that any records that come within the possession of the agency prior to your final response to this FOIA request should also be considered within the scope of the request." *Id.*

32. This request stated that NIJC is entitled to a fee waiver on multiple grounds. First, the information was requested to contribute to the public understanding of the activities of the government and is not primarily in the NIJC's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. §§ 5.11(k). *See* Feb. 16, 2018 Inspections FOIA Request letter (2018-ICFO-21283) at 2. "This FOIA request is to supplement limited and outdated information that DHS provided in a prior FOIA request by Requestor *see* 2012FOIA03030 to further the public's knowledge and understanding of ICE contracts with and inspections of facilities that house individuals in its custody. Access to this information is required for the public to meaningfully understand DHS practice and expenditures with regard to the detention of noncitizens in the U.S." *Id.* Second, NIJC has a proven "track-record of compiling and disseminating information to the public about DHS detention contracting, and not for any private commercial interest." *See* 2018-ICFO-21283 at 2. Third, NIJC is entitled to a waiver of search-related fees as "a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 6 C.F.R. § 5.11(d)(1). *See* 2018-ICFO-21283 at 2.

33. NIJC sent the Inspections FOIA Request on February 16, 2018 FOIA via FedEx two day delivery. According to the FedEx tracking receipt, the package was delivered on February 20, 2018. *See Exhibit E.*

34. DHS/ICE notified NIJC that the request had been received on February 25, 2018. The Inspections FOIA request was then assigned reference number 2018-ICFO-21283. *See Exhibit F*.

35. In this February 25, 2018 response, DHS/ICE invoked the 10-day extension period permitted under FOIA. DHS/ICE asserted this delay might be encountered because NIJC "seeks numerous documents that will necessitate thorough and wide-ranging search, ICE will invoke a 10-day extension" for the request. *Id.*

36. According to the agency's online FOIA status checking tool, the estimated delivery date for the documents responsive to 2018-ICFO-21283 was March 28, 2018.

37. DHS/ICE did not properly respond to NIJC's request for a waiver of fees. In the March 13, 2018 correspondence, DHS/ICE informed NIJC that it would be charged as a "non-commercial requester," which would entail "10 cents per page for duplication, and for search and review time at the per quarter-hour rate ($4.00 for clerical personnel, $7.00 for professional personnel, $10.25 for managerial personnel) of the searcher and reviewer" without explaining how this determination had been reached.

38. DHS/ICE's conclusion that NIJC was not entitled to a fee waiver was incorrect, for the merit-based reasons stated in the February 16, 2018 FOIA and detailed above.

39. As of the date of this filing, 124 business days have passed since the ICE FOIA office received NIJC's request and sought a 10-day extension. NIJC has received no other correspondence response from DHS/ICE in regards to FOIA 2018-ICFO-21283.

40. Under U.S.C. § 552(a)(4)(A)(viii) no fees should be assessed because the processing of the FOIA request was not complete within statutory time limitations, or within the 10-day extension invoked by the ICE FOIA office.

41. NIJC has not received any substantive response from DHS/ICE to its Inspections FOIA Request.

42. No exceptional circumstances prevent DHS/ICE from responding to NIJC's Inspections FOIA Request.

## COUNT I
### (Contract FOIA Request)

43. NIJC incorporates and realleges each preceding and succeeding paragraph as though fully set forth herein.

44. The requested records in NIJC's Contract FOIA Request (2018-ICFO-24019) are agency records subject to FOIA.

45. Upon information and belief, DHS/ICE have records responsive to NIJC's Contract FOIA Request in their possession.

46. NIJC has a statutory right to the records it seeks, and there is no legal basis for DHS/ICE's refusal to produce them.

47. DHS/ICE's failure to execute a sufficient search and to produce responsive records violates FOIA, 5 U.S.C. § 552(a).

48. Alternatively, DHS/ICE's failure to produce the requested documents is arbitrary and capricious.

49. DHS/ICE failed to respond to NIJC's request and to its appeal within the statutory time period. Thus, NIJC is deemed to have exhausted its administrative remedies.

## COUNT II
### (Inspections FOIA Request)

50. NIJC incorporates and realleges each preceding and succeeding paragraph as though fully set forth herein.

51. The requested records in NIJC's Inspections FOIA Request (2018-ICFO-21283) are agency records subject to FOIA.

52. Upon information and belief, DHS/ICE have records responsive to NIJC's Inspections FOIA request in their possession.

53. NIJC has a statutory right to the records it seeks, and there is no legal basis for DHS/ICE's refusal to produce them.

54. DHS/ICE's failure to execute a sufficient search and to produce responsive records violates FOIA, 5 U.S.C. § 552(a).

55. Alternatively, DHS/ICE's failure to produce the requested documents is arbitrary and capricious.

56. DHS/ICE failed to respond to NIJC's request and to its appeal within the statutory time period. Thus, NIJC is deemed to have exhausted its administrative remedies.

**RELIEF REQUESTED**

WHEREFORE, NIJC prays that this Court:

a) Enter judgment in favor of NIJC and against defendants DHS and ICE;

b) Declare that DHS and ICE unlawfully failed to respond to NIJC's FOIA Request 2018-ICFO-24019 (the "Contract FOIA Request");

c) Declare that DHS and ICE unlawfully failed to respond to NIJC's FOIA Request 2018-ICFO-21283 (the "Inspections FOIA Request");

d) Enjoin the withholding of responsive records to NIJC's FOIA Request 2018-ICFO-24019 and order the production of responsive documents and information;

e) Enjoin the withholding of responsive records to NIJC's FOIA Request 2018-ICFO-21283 and order the production of responsive documents and information;

f) Find that DHS's and ICE'S failure to respond to 2018-ICFO-24019 is arbitrary and capricious;

g) Find that DHS's and ICE'S failure to respond to 2018-ICFO-21283 is arbitrary and capricious;

h) Award NIJC its costs and reasonable attorneys' fees in this action; and

i) Grant such other and further relief as the Court may deem just and proper.

DATED this 27th day of August, 2018

Respectfully submitted,

 s/ William E. Walsh
Samuel Fifer
William E. Walsh
Stacey E. Petrek
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
samuel.fifer@dentons.com
william.walsh@dentons.com
stacey.petrek@dentons.com

*Attorneys for Plaintiff National Immigrant Justice Center*