UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL IMMIGRANT JUSTICE CENTER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) No. 18 C 4244 & 18 C 4247 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, AND UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | )<br>) Judge Dow<br>)<br>)<br>) |
| Defendants. | ) |

## STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL WITHOUT PREJUDICE

Plaintiff National Immigrant Justice Center ("Plaintiff") and defendants United States Department of Homeland Security and United States Immigration and Customs Enforcement ("Defendants") (collectively, the "Parties"), by their respective attorneys, hereby stipulate and agree to the following settlement and dismissal of the above-captioned actions as follows:

1. WHEREAS, on February 16, 2018, Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendants seeking information related to contracts between Defendants or the U.S. Marshals Service and any state or local or private entity regarding the housing of detained immigrants from January 2015 through the present. This FOIA request was assigned reference number 2018-ICFO-24019 (the "Contract FOIA").

2. WHEREAS, on June 19, 2018, after Plaintiff did not receive any substantive response to its Contract FOIA, Plaintiff filed a complaint under FOIA in the Northern District of Illinois, which was assigned Case No. 18-cv-4244.

3. WHEREAS, on February 25, 2018, Plaintiff submitted a FOIA request to Defendants seeking inspections reports and related documents from FY2016 through FY 2018

related to facilities housing detained immigrants during that time period. This FOIA request was assigned reference number 2018-ICFO-21283 (the "Inspections FOIA").

4. WHEREAS, on June 19, 2018, after Plaintiff did not receive any substantive response to its Inspections FOIA, Plaintiff filed a complaint under FOIA in the Northern District of Illinois, which was assigned Case No. 18-cv-4247.

5. WHEREAS, Case No. 18-cv-4244 and Case No. 18-cv-4247 (collectively, the "Actions") were consolidated pursuant to an order dated August 7, 2018.

6. WHEREAS, on August 24, 2020, Plaintiff submitted a FOIA request to Defendants seeking information regarding the number of United States Immigration and Customs Enforcement ("ICE") facilities with existing or proposed contract extensions (through modifications, addendum or contract riders) between the facility and ICE, and the names and areas of operations of all ICE facilities that have existing or pending contract extensions for existing ICE facilities from FY 2018 to the present. This FOIA request was assigned reference number 2020-ICFO-82963. Defendants provided a final response to 2020-ICFO-82963 on August 26, 2021. Defendants located 9 pages of responsive records, and released 7 of these pages to the Plaintiff in their entirety.

7. WHEREAS, on August 26, 2020, Plaintiff submitted a FOIA request to Defendants seeking information regarding all modifications, annexes, or addendum extending the existing contract, between Defendants and certain designated facilities, from 2018 to the present. This FOIA request was assigned reference number 2020-ICFO-83366. Defendants provided a final response to 2020-ICFO-83366 on September 13, 2021.

8. WHEREAS, Requests 2020-ICFO-82963 and 2020-ICFO-83366 are collectively referred to herein as the "2020 FOIA Requests."

120437913.1

9. WHEREAS, the parties wish to avoid any further litigation and controversy and to compromise fully any and all claims and issues that have been raised, or could have been raised, under FOIA regarding the Contract FOIA or the Inspections FOIA in the Actions;

NOW THEREFORE, in consideration of the mutual promises contained in this Stipulation, the Parties stipulate as follows:

10. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the Actions under the terms and conditions set forth in this Stipulation and Order of Settlement with Prejudice ("Settlement Agreement").

11. Within two (2) working days of the execution of this Settlement Agreement, Defendants shall process and release any remaining records to plaintiff responsive to the 2020 FOIA Requests, to the extent that such records have not already been produced to Plaintiff.

12. In addition, upon execution of this Settlement Agreement, Defendants will cease production of documents in response to the Contract FOIA and the Inspections FOIA.

13. Defendant also agrees to pay to Plaintiff (via electronic transfer, pursuant to Paragraph 19 hereof) the lump sum of $49,402.61, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action for attorney's fees or costs, arising from the Contract FOIA and the Inspections FOIA, for which Plaintiff or Plaintiff's guardians, heirs, executors, administrators, or assigns, now have or may hereafter acquire against defendant, its agents, servants, and employees.

14. The Parties and their respective agents, servants, employees, guardians, heirs, executors, administrators, and assigns hereby agree to accept this Settlement Agreement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature arising from, and by reason of any and all known and unknown,

foreseen and unforeseen damage and the consequences thereof which they may have or hereafter acquire against plaintiff or defendant, their guardians, heirs, executors, administrators, assigns, agents, servants, or employees on account of the Contract FOIA and the Inspections FOIA that gave rise to the Actions, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages relating to those specific FOIA requests. This provision does not apply to any future action needed to enforce this agreement or in the event of breach of this agreement.

15. Nothing in this Settlement Agreement shall limit Plaintiff's right to file future FOIA requests with any agency of the United States government, or to bring suit under FOIA, or any successor or related statute, against any agency of the United States government provided that such suit does not encompass the same time frame, recipient agency, and the specific subject matter of either the Contract FOIA and the Inspections FOIA giving rise to the Actions. Moreover, Plaintiff will have thirty (30) days from the execution of this Settlement Agreement to file an appeal relating to the final responses provided to the 2020 FOIA Requests.

16. This Settlement Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of defendant, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by the parties for the purpose of compromising disputed claims under the complaint in the Actions and avoiding the expenses and risks of further litigation.

17. The parties hereto hereby further agree to dismissal of this case with prejudice, as provided in Paragraph 23 hereof, pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii), with each of the parties to bear their own costs, fees, and expenses, provided, however, that any attorney's fees due and owing to Plaintiff will be paid out of the settlement amount and not in addition thereto.

18. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

19. Payment of the settlement amount will be via electronic transfer to an account specified by Plaintiff. Plaintiff agrees to provide all information necessary to effectuate the payment transfer.

20. The parties agree that this Settlement Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21. It is contemplated that this Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document. The Parties agree that an electronic transmission of any signature of any person(s) signing this Settlement Agreement is fully effective and as binding as an original signature delivered to the other party.

22. Failure by either party to comply with any section of this Settlement Agreement shall render the entire Settlement Agreement null and void ab initio.

23. This Settlement Agreement shall be filed with the court no later than two days after the final production of records specified in paragraph 11, or no later than two days following the receipt of funds specified in paragraph 13, whichever is later. Upon filing of this Settlement Agreement, this matter shall be dismissed without prejudice with leave to reinstate on or before April 15, 2022. In the event a motion to reinstate is not filed on or before April 15, 2022, the case shall be deemed, without further order of the Court, to be dismissed with prejudice in accordance with F.R.Civ.P. 41(a)(1)(A)(ii).

120437913.1

24. This Settlement Agreement contains the entire agreement between the parties with respect to the subject of this litigation and supersedes all prior negotiations and writings regarding this matter. Any modification of this stipulation may be made only in a writing signed by or on behalf of all parties.

IT IS SO STIPULATED.

Attorney for Defendants:

JOHN R. LAUSCH, Jr.
United States Attorney

By: _____
JIMMY L. ARCE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8449
jimmy.arce@usdoj.gov

Executed this 25th day of February, 2022.


Attorney for Plaintiff
National Immigrant Justice Center:

_____
KRISTEN C. RODRIGUEZ
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
(312) 876-8000
kristen.rodriguez@dentons.com

Executed this ____ day of February, 2022.

6

120437913.1

24. This Settlement Agreement contains the entire agreement between the parties with respect to the subject of this litigation and supersedes all prior negotiations and writings regarding this matter. Any modification of this stipulation may be made only in a writing signed by or on behalf of all parties.

IT IS SO STIPULATED.

Attorney for Defendants:         JOHN R. LAUSCH, Jr.
                                 United States Attorney


                                 By: _____
                                     JIMMY L. ARCE
                                     Assistant United States Attorney
                                     219 South Dearborn Street
                                     Chicago, Illinois 60604
                                     (312) 353-8449
                                     jimmy.arce@usdoj.gov

                                     Executed this ___ day of February, 2022.



Attorney for Plaintiff           _____
National Immigrant Justice Center:   KRISTEN C. RODRIGUEZ
                                     Dentons US LLP
                                     233 South Wacker Drive, Suite 5900
                                     Chicago, Illinois 60606
                                     (312) 876-8000
                                     kristen.rodriguez@dentons.com

                                     Executed this 28th day of February, 2022.

6

120437913.1

National Immigrant Justice Center:      _____
MARK FLEMING
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604

Executed this _25th_ day of February, 2022.

IT IS SO ORDERED.

Dated: _____      _____
HONORABLE ROBERT M. DOW
United States District Judge

7

120437913.1